**Dated: April 13, 2023**

**The following is ORDERED:**



Sarah A Hall
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| WILLIAM BRADLEY YOCUM, | ) | Case No. 22-10049-SAH |
| | ) | Chapter 7 |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| CHRISTOPHER M. PRENTICE | ) | |
| and SARAH N. WEBER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Adv. Pro. 22-01013-SAH |
| | ) | |
| WILLIAM BRADLEY YOCUM, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT, BRIEF IN SUPPORT, AND NOTICE AND OPPORTUNITY FOR HEARING [DOC. 22]

In their 68 page First Amended Complaint [Doc. 8] (the "Complaint"), filed by plaintiffs

Christopher M. Prentice and Sarah N. Weber (collectively, "Plaintiffs") on July 7, 2022, against

debtor William Bradley Yocum ("Debtor"), Plaintiffs seek (i) to except a debt from Debtor's

discharge pursuant to 11 U.S.C. § 523(a)(2)(A) and (a)(6) and (ii) to deny Debtor's discharge

pursuant to 11 U.S.C. § 727(a)(2)(A), (a)(2)(B), (a)(3), and (a)(4). Plaintiffs filed their Plaintiffs'

Motion for Summary Judgment, Brief in Support, and Notice and Opportunity for Hearing

[Doc. 22] (the "Motion") on January 30, 2023, pursuant to which they seek summary judgment

only on their claims under Section 523(a)(2)(A) and (a)(6) based on application of issue

preclusion, otherwise known as collateral estoppel. On February 15, 2023, Debtor objected to

the Motion, filing his Defendant's Response to Plaintiffs' Motion for Summary Judgment with

Brief in Support [Doc. 26] (the "Objection"). Plaintiffs then filed their Plaintiffs' Reply in

Support of Motion for Summary Judgment [Doc. 27] (the "Reply") on February 20, 2023. For

fundamental reasons set forth below, the Court must deny the Motion.

## JURISDICTION

The Court has jurisdiction to hear this action pursuant to 28 U.S.C. § 1334(b), and venue

is proper pursuant to 28 U.S.C. § 1409. Reference to the Court of this matter is proper pursuant

to 28 U.S.C. § 157(a), and this is a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(I).

Furthermore, Plaintiffs and Debtor consent to entry of final orders and judgment by the Court in

this adversary proceeding pursuant to Federal Rules of Bankruptcy Procedure 7008 and 7012.

## INTRODUCTION

This adversary proceeding concerns a debt arising from a state court action filed in the

District Court of Oklahoma County, Oklahoma, Case No. CJ-2020-1258 (the "State Court" and

the "State Court Action," respectively). In the State Court Action, Plaintiffs asserted third party

claims against Debtor arising from a home construction project gone bad. Plaintiffs sought

recovery for damages as a result of Debtor's "intentional, willful, and malicious causation of

injury to Plaintiffs, and as part of a scheme to abuse the civil process and malicious prosecution

to intentionally, willfully, and maliciously cause damages to Plaintiffs including but not limited to monetary and property damages, emotional distress, attorney fees and costs." Complaint 4, ¶ 11. Debtor filed an answer to the third party claims, however, failed to respond to a motion for default judgment and summary judgment. Consequently, judgment was entered against Debtor and in favor of Plaintiffs. Plaintiffs now seek to have the judgment debt deemed nondischargeable as arising from fraud and/or a willful and malicious injury. Plaintiffs rely solely on issue preclusion based on the State Court Action to support their Motion.

Plaintiffs, however, have not satisfied their burden on summary judgment, nor have they established the necessary prerequisites for issue preclusion. Accordingly, the Motion will be denied.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the movant proves there is no genuine issue of material fact, and movant is entitled to summary judgment as a matter of law. Thom v. Bristol-Myers Squibb Co., 353 F.3d 848, 851 (10th Cir. 2003) (citing Fed. R. Civ. P. 56(c)). The movant bears the burden of demonstrating the absence of disputed material facts warranting summary judgment. Gough v. Lincoln Cnty. Bd. of Cnty. Comm'rs, No. CIV-14-1093-D, 2016 WL 164632, at *1 (W.D. Okla. Jan. 13, 2016) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)). The movant must establish each element of its claim or defense by sufficient, competent evidence to set forth a prima facie case. Reynolds v. Haskins (In re Git-N-Go, Inc.), No. 04-10509-R, 2007 WL 2816215, at *2 (Bankr. N.D. Okla. Sept. 25, 2007) (citing In re Ribozyme Pharm., Inc., Sec. Litig., 209 F. Supp. 2d 1106, 1111 (D. Colo. 2002)).

3

On summary judgment, the record must be considered in the light most favorable to the party opposing summary judgment.  Bank of Cushing v. Vaughan (In re Vaughan), 342 B.R. 385, 2006 WL 751388, at *2 (10th Cir. BAP Mar. 22, 2006), aff'd, 233 F. App'x 783 (10th Cir. 2007) (citing Bee v. Greaves, 744 F.2d 1387, 1396 (10th Cir. 1984)).  Similarly, the Court must review "the facts and all reasonable inferences those facts support[ ] in the light most favorable to the nonmoving party."  Doe v. Univ. of Denver, 952 F.3d 1182, 1189 (10th Cir. 2020) (citing Evans v. Sandy City, 944 F.3d 847, 852 (10th Cir. 2019)).

## UNDISPUTED MATERIAL FACTS

The Court agrees with Debtor's characterization of the Motion as "lengthy and confusing."[1]  The Court struggled to make sense of the "undisputed facts" which fail to be a concise statement of the facts necessary to establish Plaintiffs' right to relief under Section 523(a)(2)(A) and (a)(6).  In particular, Plaintiffs' facts establish the Judgments but are completely deficient in setting forth the necessary facts to prove the elements of their claims under Section 523(a)(2)(A) or (a)(6).  Plaintiffs' omissions are fatal to their request for summary judgment.

For purposes of the Motion, the Court finds no genuine dispute exists as to the following material facts:[2]

_____

[1] For instance, Plaintiffs claim "the assets of Hatch Chisholm Creek, LLC ("Hatch Asset"), is not dischargeable or subject to bankruptcy, and has been awarded to Plaintiffs prior to the filing of his bankruptcy."  Motion 8, ¶ 14.  This statement is so nonsensical and lacking in legal support, the Court elects to ignore it.

[2] For the sake of consistency, but not brevity given the repetitive nature of several of the paragraphs, the Court refers to each paragraph as numbered in Plaintiffs' statements of undisputed material facts.

4

1.      On January 12, 2022, Debtor filed a petition for relief under chapter 7 of the Bankruptcy

Code (the "Petition").  Motion 3, ¶ 1 and Ex. 1.

2.      Plaintiffs filed the Amended Complaint on July 7, 2022 (the "Complaint"), thereby

commencing the present adversary proceeding.  Motion 3, ¶ 2, and Ex. 2.

3.      The Amended Complaint alleges Plaintiffs' claims against Debtor are not dischargeable

claims pursuant to Section 523(a)(2)(A) and (a)(6).  Motion 6, ¶ 6.  In support of their

request to apply issue preclusion, Plaintiffs attach to the Complaint and the Motion only

a portion of the judgment roll from the State Court Action[3] as follows (the "Judgment

Roll"):

   a.    The Petition, including the Petition filed by Cadence Homes, LLC ("Cadence")
         against Plaintiffs, and the related process and returns, true and correct copies of
         which are attached to the Motion as Ex. 3-A.

   b.    Plaintiffs' Answer, Counterclaims against Cadence and Third-Party Petition
         against Debtor, filed May 13, 2020, a true and correct copy of which is attached
         to the Motion as Ex. 3-B.[4]

   c.    Summons and return of service of Plaintiffs' third-party claim to Debtor, a true
         and correct copy of which is attached to the Motion as Ex. 3-C.

   d.    Cadence's Answer to Plaintiffs' counterclaims against Cadence, a true and correct
         copy of which is attached to the Motion as Ex. 3-D.

   e.    Order denying Debtor's Motion to Dismiss Plaintiffs' Third-Party Claims, a true
         and correct copy of which is attached to the Motion as Ex. 3-E.

---

[3]See II, infra.

[4]The claims raised in the Third Party Petition against Debtor are:  breach of contract;
fraud; fraudulent concealment/constructive fraud; slander of title/quiet title; negligence and
negligence per se; breach of warranty; violation of the Oklahoma Consumer Protection Act;
vicarious liability; and respondeate superior/alter ego.

f.      Debtor's Answer to Plaintiffs' Third-Party Claims, a true and correct copy of which is attached to the Motion as Ex. 3-F.

g.      Order granting Plaintiffs' motion to dismiss Petition, claims and defenses of Cadence, and related Order Nunc Pro Tunc, true and correct copies of which are attached to the Motion as Ex. 3-G.

h.      Order denying Cadence's Motion for New Trial, with respect to the Order, Ex. 3-G dismissing Cadence's Petition, claims and defenses, a true and correct copy of which is attached to the Motion as Ex. 3-H.

i.      Order Allowing Withdrawal as Attorneys of Record for Cadence and Debtor, a true and correct copy of which is attached to the Motion as Ex. 3-I.

j.      With respect to material acts and proceedings, on or about March 15, 2021, Plaintiffs filed their Motion for Default and Motion for Summary Judgment (the "Motion for Default and Summary Judgment"), a true and correct copy of which is attached to the Motion as Ex. 3-J.

k.      Notice of Hearing on Plaintiffs' Motion for Default and Motion for Summary Judgment, a true and correct copy of which is attached to the Motion as Ex. 3-K.

l.      Reply in support of Plaintiffs' Motion for Summary Judgment, a true and correct copy of which is attached to the Motion as Ex. 3-L.

m.      Order and Judgment, granting Plaintiffs' Motion for Default and Summary Judgment, a true and correct copy of which is attached to the Motion as Ex. 3-M (the "Order and Judgment").

n.      Order and Judgment, filed in release of Mechanics' Lien, a true and correct copy of which is attached to the Motion as Ex. 3-N.

o.      Statements of Judgment, true and correct copies of which are attached to the Motion as Ex. 3-O.

p.      Plaintiffs' Brief in Support of Hearing on Damages, a true and correct copy of which is attached to the Motion as Ex. 3-P.

q.      Order and Judgment of Damages, a true and correct copy of which is attached to the Motion as Ex. 3-Q (the "Order and Judgment of Damages").

      r.      Verified Petition to Vacate Judgments by Debtor and Cadence (the "Verified Petition"), a true and correct copy of which is attached to the Motion as Ex. 3-R.[5]

      s.      Plaintiffs' response to Debtor's Petition to Vacate, a true and correct copy of which are attached to the Motion as Ex. 3-S.

      t.      Order denying Debtor's and Cadence's Verified Petition, a true and correct copy of which is attached to the Motion as Ex. 3-T (the "Order Denying Petition to Vacate," collectively with the Order and Judgment, and Order and Judgment of Damages, the "Judgments").

      u.      Order Charging Judgment Debtors' Interest, a true and correct copy of which is attached to the Motion as Ex. 3-U.

Based on a review of the State Court Action docket sheet as annotated by Debtor's counsel (attached as Exhibit A to the Objection), the Judgment Roll provided by Plaintiffs represents less than half of the documents contained in the case file of the State Court Action. Objection 2, ¶ 1.a., Ex. A.

4.      Plaintiffs request application of issue preclusion against Debtor who was a party to the Judgments.  Motion 5, ¶ 4.

5.      Debtor was a party in the State Court Action and the subject of multiple judgments. Motion 5, ¶ 4, Ex. 3 (specifically, Petition, Ex. 3-A; Counterclaims and Third-Party Petition, Ex. 3-B; Order and Judgment, Ex. 3-M; Order and Judgment of Damages, Ex. 3-Q; and Order Denying Petition to Vacate, Ex. 3-T).  The Judgments were entered based on Plaintiffs' Motion for Default and Summary Judgment.  Motion, Ex. 3-J. Debtor subsequently filed a petition to vacate the Order and Judgment and the Order and

---

[5]Debtor disputes the Verified Petition sought to vacate the Order and Judgment, arguing it only sought to vacate the Order and Judgment of Damages.  Objection 2, ¶ b.  However, Debtor is wrong.  The Verified Petition clearly requests "the Court enter an order vacating the April 22, 2021, Order and Judgment and June 16, 2021, Order and Judgment of Damages."  Objection, Ex. B, 6-7 (quoting from prayer for relief).

Judgment of Damages, which was denied.  Motion, Ex. 3-R; Order and Judgment of Damages, Motion, Ex. 3-Q; and Order Denying Petition to Vacate Motion, Ex. 3-T. Debtor did not appeal.

6.      The Complaint seeks to except the Judgments from discharge pursuant to Section 523(a)(2)(A) and (a)(6) based on issue preclusion and collateral estoppel.  Motion 6, ¶ 6.

7.      The Judgments are final judgments as Debtor did not appeal.  Motion 6, ¶¶ 5 and 7. Debtor disputes the Judgments as being on the merits, arguing they were entered by default.  For reasons set forth in III, _infra_, Debtor's dispute is without merit.

8.      Debtor was a party to the State Court Action.  Motion 6, ¶ 8.

9.      Debtor had the opportunity to litigate the issues raised in the State Court Action.  Motion, Ex. 3 (specifically Petition, Ex. 3-A; Counter and Third-Party Claims, Ex. 3-B, pp. 16-28, 30-32 ¶¶ 11-28; Order denying Debtor's Motion to Dismiss, Ex. 3-E; Debtor's Answer, Ex. 3-F; Order, Ex. 3-G; Order denying Motion for New Trial, Ex. 3-H; Reply, Ex. 3-L; Order and Judgment, Ex. 3-M; Plaintiffs' Motion for Default and Summary Judgment, Ex. 3-J, pp. 4-14, Statement Nos. 3(a)-(m), 8, 10; Order, Ex. 3-M, pp. 2-3; Plaintiffs' Brief in Support of Hearing on Damages, Ex. 3-P, pp. 2-4, ¶5; Order and Judgment of Damages, Ex. 3-Q, p. 2; Verified Petition, Ex. 3-R; and Order Denying Petition to Vacate, Ex. 3-T, with handwritten, initialed statement, "as the Court finds that they had actual notice of the proceedings").[6]

---

[6]Debtor disputes he had a full and fair opportunity to litigate the issues in the State Court Action because the motion for default judgment and summary judgment therein was mailed to his former address.  While Debtor disputes his full and fair opportunity to litigate the issues in the State Court Action, he failed to produce any contradictory evidence or even a sworn

(continued...)

With respect to Statements of Fact ¶¶ 10, 11, 12, and 13, while Plaintiffs claim the issues previously decided by the State Court in the State Court Action are identical to the ones presented in Counts I and II of their Complaint pursuant to Section 523(a)(2)(A) and (6), Plaintiffs make no effort to establish how the state law claims raised in the State Court Action are identical to their claims under Section 523(a)(2)(A) and (a)(6).  The Motion itself is bereft of any description or listing of the specific claims against Debtor in the State Court Action[7] or any findings by the State Court as to the evidence supporting such claims.  Even the Judgments themselves fail to identify the claims on which the Judgments were entered.  Specifically, the findings and conclusions in the Order and Judgment are:

> "ORDERED that default JUDGMENT is entered against [Cadence] and [Debtor] on all counts, claims, and causes of action asserted by [Plaintiffs] in the Counterclaims" against Cadence and Debtor filed on May 13, 2020. (Motion, Ex. 3-M).

> ORDERS that JUDGMENT on the merits is entered against [Cadence] and [Debtor], jointly and severally, on all counts, claims, and causes of action, asserted and demanded by [Plaintiffs], and that Judgment is entered against any claims, demands or defenses of [Cadence] and [Debtor]." (Motion, Ex. 3-M).

> Similarly, the Order and Judgment of Damages provides:

> "ORDERS, CONCLUDES, ISSUES, APPROVES, ADJUDGES AND DECREES that [Plaintiffs] have judgment against [Cadence] and [Debtor], jointly and severally:

---

[6](...continued)
statement evidencing a noticing problem.  A general denial without more cannot be used to create an issue of material fact.  Am. Express Bank v. Mowdy (In re Mowdy), 526 B.R. 63, 70 (Bankr. W.D. Okla. 2015) (citing Sartori v. Susan C. Little & Assoc. P.A., 571 F. App'x 677, 680 (10th Cir. 2014) (citing Pasternak v. Lear Petroleum Exploration, Inc., 790 F.2d 828, 834 (10th Cir. 1986))).  Moreover, as set forth in III., infra, this issue is one for the State Court (or Oklahoma Supreme Court) but not this Court.

[7]For a listing of the claims in the State Court Action, see footnote 4, supra.

- In the sum and amount of $125,635.03 in damages for breach of contract and other wrongful conduct by [Cadence] and [Debtor], per the judgment filed on April 22, 2021;
- Plus non-economic damages including mental aguish and emotional distress in the amount of $350,000;
- Plus attorney fees and costs in the amount of $36,302.41;
- Plus interest at the statutory rate of 6% per annum from November 12, 2017, until paid in full;
  . . .

And the Court further separately and additionally FINDS, ORDERS AND DECRESS [sic] that [Plaintiffs] have met their burden by clear and convincing evidence to prove that they are entitled to an award of punitive damages against [Cadence] and [Debtor], jointly and severally, that [Cadence]/[Debtor] recklessly and callously disregarded their duties to [Plaintiffs] and others, and that [Cadence]/[Debtor] acted intentionally and maliciously toward [Plaintiffs] and others, and considering factors including the seriousness of the hazards to [Plaintiffs] and others, the duration of the misconduct of [Cadence]/[Debtor] to [Plaintiffs] and others, the profitability to [Cadence]/[Debtor] from the misconduct, the awareness of the hazards and attitude and excessiveness of [Cadence's]/[Debtor's] misconduct, resulting in actual harm to [Plaintiffs] and their home and property and their persons, and that [Cadence's]/[Debtor's] conduct was a serious hazard to [Plaintiffs] and others, and risked bodily and other harm to [Plaintiffs] and others, that [Cadence]/[Debtor] profited from such misconduct, all of which lasted from May of 2017 through October of 2020, that [Cadence]/[Debtor] should have been aware that such conduct was extreme, outrageous, excessive, and outside the bounds of a reasonable contractor and risked such harm to [Plaintiffs] and others; and accordingly, the Court ORDERS, CONCLUDES, ISSUES, APPROVES, ADJUDGES AND DECREES that [Plaintiffs] additionally have judgment against [Cadence] and [Debtor], jointly and severally, for $500,000.00 in punitive damages for the conduct of [Cadence]/[Debtor] and the harm that was caused."  (Motion, Ex. 3-Q).

The Judgments included conclusory findings but no factual findings upon which the State

Court based its legal conclusions.

## **DISCUSSION**

Plaintiffs request for summary judgment cannot be granted for three reasons.  First, based

on the undisputed material facts, Plaintiffs are not entitled to relief under Section 523(a)(2)(A)

or (a)(6) as a matter of law.  Second, Plaintiffs failed to provide the complete judgment roll from the State Court Action as required for application of issue preclusion.  And third, neither the Judgments nor the Judgment Roll contain sufficient findings of fact and conclusions of law from which this Court can determine that the same issues raised by Plaintiffs' Section 523(a)(2)(A) and (a)(6) claims have been previously resolved by the State Court.  The brevity of the State Court's rulings and the absence of non-conclusory factual findings prohibit the application of issue preclusion to establish Plaintiffs' claims herein.

I.      **THE UNDISPUTED FACTS DO NOT ENTITLE PLAINTIFFS TO JUDGMENT AS A MATTER OF LAW.**

A simple review of the undisputed facts reveals Plaintiffs have not satisfied their burden on summary judgment.  Merely identifying the elements of Plaintiffs' fraudulent representation and fraud claims under Section 523(a)(2)(A) and their willful and malicious injury claim under Section 523(a)(6) in a conclusory fashion, without legitimate reference back to the Court's Judgments in the State Court Action, does not establish undisputed facts on which issue preclusion can rest.  Eliminating these conclusory statements leaves the remaining undisputed facts wholly unable to satisfy Plaintiffs' burden of proof on their Section 523(a)(2)(A) and (a)(6) claims by a preponderance of the evidence.  This is so because the undisputed facts contain no mention of conduct or actions by Debtor which could conceivably establish either claim.

Under Rule 56(a), Fed. R. Civ. P. (applicable pursuant to Fed. R. Bankr. P. 7056), "the moving party must meet its 'initial responsibility' of demonstrating that no genuine issue of material fact exists and that it is entitled to summary judgment as a matter of law."  Murray v. City of Tahlequah, 312 F.3d 1196, 1200 (10th Cir. 2002) (citing Celotex Corp. v. Catrett,

477 U.S. 317 (1986)).  Summary judgment is not appropriate where the moving party fails to

meet its initial burden of production under Rule 56(c), and "summary judgment must be denied

even if no opposing evidentiary matter is presented."  Murray, 312 F.3d at 1200 (citing Adickes

v. S.H. Kress & Co., 398 U.S. 144, 160-61 (1970) (quoting Fed. R. Civ. P. 56 advisory

committee notes to the 1963 amendments)).  As Plaintiffs provided no undisputed, non-

conclusory material facts establishing they are entitled to judgment as a matter of law on their

Section 523(a)(2)(A) and (a)(6) claims, the Motion must be denied.

## II.    PLAINTIFFS FAILED TO PROVIDE THE ENTIRE JUDGMENT ROLL, THEREFORE, THEY CANNOT RELY ON ISSUE PRECLUSION.

Plaintiffs seek to have the debt declared nondischargeable under Section 523(a)(2)(A)

and (a)(6).  Section 523(a)(2)(A) excepts from discharge a debt "for money, property, services or

an extension, renewal or refinancing of credit to the extent obtained by (A) false pretenses, a

false representation or actual fraud other than a statement respecting the debtor's or an insider's

financial condition."  Section 523(a)(6) excepts from discharge a debt for "willful and malicious

injury by the debtor to another entity or to the property of another entity."  Plaintiffs argue the

facts underlying their Section 523(a) claims were previously decided in the State Court Action,

thus, issue preclusion bars relitigation of those facts in this Court.

The doctrine of issue preclusion bars relitigation of determinations necessary to the

ultimate outcome of a prior proceeding.  Bobby v. Bies, 556 U.S. 825, 834-35 (2009).  Issue

preclusion prevents a party that has lost the battle over an issue in one lawsuit from relitigating

the same issue in another lawsuit.  Melnor, Inc. v. Corey (In re Corey), 583 F.3d 1249, 1251

(10th Cir. 2009).  Issue preclusion may be invoked to preclude relitigation of factual issues

underlying a determination of dischargeability.  Nelson v. Tsamasfyros (In re Tsamasfyros),
940 F.2d 605, 606 (10th Cir. 1991); Grassmann v. Brown (In re Brown), 570 B.R. 98, 112 (Bankr.
W.D. Okla. 2017); C & L Supply, Inc. v. Morrow (In re Morrow), 613 B.R. 786, 805 (Bankr.
N.D. Okla. 2020).

The Full Faith and Credit Statute, 28 U.S.C. § 1738, directs federal courts to look to the
preclusion law of the state in which a judgment is rendered.  Cobb v. Lewis (In re Lewis),
271 B.R. 877, 883 (10th Cir. BAP 2002) (citing Marrese v. Am. Acad. of Orthopaedic Surgeons,
470 U.S. 373, 380 (1985)).  In Oklahoma, issue preclusion may be invoked where a court has
decided an issue of fact or law necessary to its judgment to prevent the same parties or their
privies from relitigating that issue in a subsequent suit brought upon a different claim.
Oklahoma Dep't of Public Safety v. McCrady, 2007 OK 39, ¶ 7, 176 P.3d 1194, 1199;  Miller v.
Miller, 1998 OK 24, ¶ 25, 956 P.2d 887, 897.  A party seeking to invoke issue preclusion "must
show that the issue sought to be precluded was actually litigated and determined in the prior
action . . . and that the determination was essential to the decision in the prior action."  Miller,
956 P.2d at 897.  An issue is actually litigated and necessarily determined only if:  (i) it is
properly raised in pleadings or otherwise submitted for determination in a prior action; and
(ii) judgment would not have been rendered but for the determination of that issue.  McCrady,
176 P.3d at 1199 (2007) (citing State ex rel. Oklahoma Bar Ass'n v. Giger, 2004 OK 43, ¶ 13,
93 P.3d 32, 38 (2004)).

Oklahoma courts require a party relying on issue preclusion to "produce – as proof of its terms, effect and validity – the *entire* judgment roll[8] for the case which culminated in the decision invoked as a bar to relitigation." Salazar, 976 P.2d at 1061. Without the complete judgment roll, no court can determine with the requisite degree of certainty what claims were pressed for adjudication and which of the tendered issues were actually submitted and decided. Salazar, 976 P.2d at 1061-62. Oklahoma bankruptcy courts have consistently recognized the party seeking to rely on a judgment for preclusive force has the obligation to produce the entire judgment roll for the case in which the judgment was entered. Brown, 570 B.R. at 113; Hall v. Bolton (In re Bolton), No. 16-80129-TRC, 2017 WL 535265, at *2 (Bankr. E.D. Okla. Feb. 9, 2017); Factoring of Oklahoma, L.L.C. v. Means (In re Means), No. 05-19631 R, 2006 WL 2847903, at *5, n.12 (Bankr. N.D. Okla. Oct. 5, 2006) (citing Gouskos v. Griffith, 122 F. App'x 965, 974 (10th Cir. 2005)); Witaschek v. Sacramento Cty. Bureau of Family Support (In re Witaschek), 276 B.R. 668, 676 (Bankr. N.D. Okla. 2002); Marks v. Hentges (In re Hentges), 373 B.R. 709, 726, n.13 (Bankr. N.D. Okla. 2007); Cook v. Hill, 169 F. App'x 513, 517 (10th Cir. 2006) (Tenth Circuit recognized that failure to submit the entire judgment roll from previous litigation in subsequent civil action is fatal to issue preclusion).

Plaintiffs claim they attached the entire Judgment Roll to the Motion because pleadings are limited to a petition, answer, reply to a counterclaim, answer to a cross-claim, third party

---

[8]The judgment roll includes the petition, the process, return, pleadings subsequent thereto, reports, verdicts, orders, judgments and all material acts and proceedings of the court. Salazar v. City of Oklahoma City, 1999 OK 20, ¶ 11, 976 P.2d 1056, 1061, n.11; Genoff Farms, Inc. v. Seven Oaks South, LLC, 2011 OK CIV APP 29, ¶ 14, 249 P.3d 526, 530 (judgment roll is the same as the record and is made up of the petition, process, return, the subsequent pleadings, reports, verdicts, orders, judgments and all material acts and proceedings of the court); Mahmoodjanloo v. Mahmoodjanloo, 2007 OK 32, ¶ 12, 160 P.3d 951, 958, n.8.

petition and third party answer, citing to the definition of pleadings found in 12 Okla. Stat.

§ 2007(a).  This interpretation, however, is at odds with the Oklahoma Supreme Court's

interpretation:

> At common law the "judgment roll" was a roll of parchment upon which the critical stages of court proceedings would be entered. On an action's termination the roll was deposited in perpetuam rei memoriam (in perpetual memory).  After paper replaced parchment as a universal writing medium, the roll fell into disuse, but the term was carried over to describe the content of the court's permanent record required to be kept by the clerk.

Rodgers v. Higgins, 1993 OK 45, 871 P.2d 398, 408, n.58 (Okla. 1993) (first citing 12 Okla.

Stat. Ann. § 32.1; and then citing Pettis v. Johnston, 1920 OK 224, 78 Okla. 277, 190 P. 681,

700).  Plaintiffs clearly felt the definition of pleadings used in Section 2007(a) was too limiting

in preparing their version of the Judgment Roll in the State Court Action because they included

motions and other documents which fall outside the scope of Section 2007(a)'s definition of

pleadings.

Despite Plaintiffs' complete reliance on issue preclusion, they failed to provide this Court

with the complete State Court Action Judgment Roll.  Motion 3, ¶ 3 and 10, ¶ 20.  Without the

complete Judgment Roll,[9] this Court has consistently ruled it cannot apply issue preclusion in

---

[9]As is discussed later, the Judgment Roll, even if presented in its entirety, would still not be sufficient to allow this Court to grant summary judgment based on issue preclusion.  The Judgments are brief, containing no findings of fact and only minimal conclusions of law. Moreover, the Judgments were entered after hearings and the introduction of evidence; however, based on the State Court Docket sheet, there are no transcripts of those hearings, and none were supplied to the Court.  The brevity of the State Court's Judgments and record render it impossible to determine what issues were actually decided by the State Court based on what evidence presented.

accordance with Oklahoma law.[10]  Accordingly, the Motion must be denied.

## III.     ISSUE PRECLUSION CANNOT BE APPLIED BASED ON THE BREVITY OF THE JUDGMENT ROLL AND JUDGMENTS PRESENTED.

Even if the entire judgment roll from the State Court Action was provided to this Court, issue preclusion cannot be applied to either the Section 523(a)(2)(A) claim or the Section 523(a)(6) claim because Plaintiffs have not established the prerequisites to application of issue preclusion.  A party relying on issue preclusion in Oklahoma must prove four elements: (i) the party against whom it is being asserted was a party to the prior action; (ii) the issue subject to preclusion was actually adjudicated in the prior case; (iii) the adjudicated issue was necessary and essential to the outcome of the prior case; and (iv) the party against whom it is interposed had a full and fair opportunity to litigate the claim or critical issue.  Durham v. McDonald's Rest. of Okla., Inc., 2011 OK 45, ¶ 5, 256 P.3d 64, 66-67.  A party asserting issue preclusion cannot succeed unless it proves each of the four elements.  Glover Constr. Co. v. State ex rel. Dep't of Transp., 2014 OK CIV APP 51, ¶22, 326 P.3d 547, 553.  Moreover, application of issue preclusion must be undertaken with extreme caution because exceptions to discharge are to be narrowly construed with all doubt being resolved in the debtor's favor.  Indo-Med Commodities, Inc. v. Wisell (In re Wisell), 494 B.R. 23, 34-35 (Bankr. E.D. N.Y. 2011).

As is clear from the Court's prior comments, the Judgments and Judgment Roll in the State Court Action are simply lacking.  Plaintiffs' statements of undisputed material fact

---

[10] See Barwick v. Gerlich (In re Gerlich), No. 19-11787-SAH, 2021 WL 839079, at *7 (Bankr. W.D. Okla. 2021); Oil States Indus., Inc. v. Nambakam (In re Nambakam), No. 19-13549-SAH, 2021 WL 3777567, at *5 (Bankr. W.D. Okla. 2020); Burris v. Burris (In re Burris), 591 B.R. 779, 793-94 (Bankr. W.D. Okla. 2018); Brown, 570 B.R. at 113; Hagmaier v. Cooley (In re Cooley), 551 B.R. 498, 501 n.2 (Bankr. W.D. Okla. 2016).

provides perhaps the best evidence of the Judgments' brevity.  Most telling is the absence of

non-conclusory facts satisfying the elements of either Section 523(a)(2)(A) or (a)(6) coupled with

four paragraphs reciting the elements of Sections 523(a)(2)(A) and (a)(6) in a conclusory and

self-serving fashion.  At most, the statements of undisputed material fact set forth the actions of

the State Court in the State Court Action, but not the relevant facts necessary to establish the

Section 523(a)(2)(A) and (a)(6) claims.  This alone dooms Plaintiffs' request for issue

preclusion.  However, the Court feels compelled to address the issues further.

The Judgments state, minimally, "that there is no substantial controversy as to any

material fact relating to every count, claim, and cause of action, and demand of [Plaintiffs']

Counterclaims against . . . [Debtor]," awarding "damages for breach of contract and other

wrongful conduct" and finding Debtor "recklessly and callously disregarded [his] duties . . .

acted intentionally and maliciously . . . should have been aware that such conduct was extreme,

outrageous, excessive, and outside the bounds of a reasonable contractor."  But this is the extent

of factual findings, and even these facts are conclusory at best.  Without more, these statements

do not prove by a preponderance of the evidence the debt should be excepted from Debtors'

discharge under Section 523(a)(2)(A) or (a)(6).

Plaintiffs "cannot bootstrap" the State Court's overly broad findings and conclusions into

"a finding of fact or conclusion of law that would have issue-preclusive effect."  Simmons

Capital Advisors, Ltd. v. Bachinski (In re Bachinski), 393 B.R. 522, 539 (Bankr. S.D. Ohio

2008).  "Collateral estoppel applies in bankruptcy courts only if, *inter alia*, the first court has

made specific, subordinate, factual findings on the identical dischargeability issue in question –

that is, an issue which encompasses the same *prima facie* elements as the bankruptcy issue – and

17

the facts supporting the court's findings are discernable from the court's record." <u>Zilm v. Roberts</u> (<u>In re Roberts</u>), 505 B.R. 555, 565 (Bankr. N. D. Okla. 2014) (citing <u>Dennis v. Dennis</u> (<u>In re Dennis</u>), 25 F.3d 274, 278 (5th Cir. 1994))). Such is not the case herein.

Although Plaintiffs proved the first and fourth issue preclusion elements, Plaintiffs fell short of establishing the second and third elements required for application of issue preclusion to Plaintiffs' Section 523(a)(2)(A) and (a)(6) claims.

### A.    Plaintiffs and Debtor were Parties to the State Court Action.

Plaintiffs and Debtor were parties to the State Court Action, therefore, the first element is satisfied.

### B.    Debtor had a full and fair opportunity to litigate the issues decided.

Plaintiffs successfully established the fourth element – whether Debtor had a full and fair opportunity to litigate the claims or issues in the State Court Action. Debtor argues, because the Order and Judgment is a "default judgment," the issues were not actually litigated. Debtor, although a party to the State Court Action, claims he was not an active participant in the litigation once his counsel withdrew by order entered January 28, 2021. Whether this is true, its effect on the Judgments is not, and cannot be, before this Court.[11]

_____

[11]Debtor suggests he had no notice of the proceedings in the State Court Action resulting in the Judgments based on an improper address being used by Plaintiffs. To the extent such is true, Debtor's avenue for relief is in the State Court (or the Oklahoma Supreme Court) as the Rooker-Feldman doctrine bars this Court from reviewing state court judgments. The Rooker-Feldman doctrine states "federal courts lack subject-matter jurisdiction to review final state court judgments." <u>Young v. Rogers</u> (<u>In re Young</u>), No. 18-12669-JDL, 2018 WL 4616228, at *2 (Bankr. W.D. Okla. Sept. 24, 2018) (citing <u>Bear v. Patton</u>, 451 F.3d 639, 641 (10th Cir. 2006)). "Stated another way, the Rooker-Feldman doctrine bars 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'"

(continued...)

Plaintiffs filed a motion for default judgment **and summary judgment after Debtor had entered an appearance, sought to dismiss Plaintiffs' claims, and eventually filed an answer to Plaintiffs' claims in the State Court Action**; the motion was granted as memorialized in the Order and Judgment.  The Order and Judgment (and the subsequent Order and Judgment of Damages as well) are not merely default judgments.  "A default judgment is a judgment entered against a party because of that party's failure to comply with a command imposed by law.  Thus a 'default judgment has been defined as a judgment rendered in consequence of the non-appearance of the defendant.'"  Powers v. Dist. Ct. of Tulsa Cnty., 2009 OK 91, 227 P.3d 1060, 1066 n.6, as corrected (Dec. 29, 2009) (citing Choctaw County Excise Board v. St. Louis–San Francisco Ry. Co., 1969 OK 110, 456 P.2d 545, 548); Graves Dairy Farm v. Evans, 997 P.2d 173, 176 (Okla. Civ. App. 1999) (citing Choctaw County, 456 P.2d at 548).  Debtor appeared and participated in the State Court Action, and his later failure to participate does not change such fact.

The Judgments here reflect the State Court conducted a hearing, reviewed evidentiary material filed and presented, and found there was no substantial controversy as to every count, claim, and cause of action raised by Plaintiffs against Debtor and granted judgment **on the merits** of such claims.  Motion, Ex. 3-M.  Similarly, with respect to damages and punitive damages, the Order and Judgment of Damages reflects the State Court conducted a hearing, heard testimony, accepted evidence and, based thereon and on the briefs supplied, entered a damages judgment against Debtor in favor of Plaintiffs.  Neither the Order and Judgment nor the Order and

---

[11](...continued)
Gerlich, 2021 WL 839079, at *5 (citing Farris v. Burton, 686 F. App'x 590, 591-92 (10th Cir. 2017) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005))).

Judgment of Damages were "rendered in consequence of the non-appearance of [Debtor], but in the consequence of the evidence presented." Chandler v. State ex rel. Dep't of Pub. Safety, 2017 OK CIV APP 47, 419 P.3d 298, 310, n.23 (citing Choctaw County, 456 P.2d at 548).

Thus, Debtor had a full and fair opportunity to participate in the State Court Action but, by choice after appearing and answering, allowed the Judgments to be entered.

   C.    **Plaintiffs Have Not Proven by a Preponderance of the Evidence the Issues to Be Decided under Section 523(a)(2)(A) and (a)(6) Were Actually Adjudicated and Necessary to the Outcome of the State Court Action.**

Plaintiffs have failed to satisfy the second and third elements of issue preclusion – whether the issue subject to preclusion was actually adjudicated and was necessary and essential to the outcome of the State Court Action. The "bankruptcy court is the sole authority to determine whether the [Plaintiffs'] claim against the Debtor is non-dischargeable under Section 523(a)(2) . . . or (6) of the Bankruptcy Code." Wisell, 494 B.R. at 34 (first citing 11 U.S.C. § 523(c); and then citing Grogan v. Garner, 498 U.S. 279, 283–84 (1991)). To establish a claim is nondischargeable under Section 523(a), the plaintiff must prove the elements of such claim by a preponderance of the evidence. Fowler Bros. v. Young (In re Young) 91 F.3d 1367, 1373 (10th Cir. 1996) (citing Grogan, 498 U.S. at 287).

   1.    **Section 523(a)(2)(A) Claim.**

With respect to their Section 523(a)(2)(A) claim, Plaintiffs claim fraudulent representation and actual fraud. The elements of the usual Section 523(a)(2)(A) claim for false representation are: (i) the debtor made a false representation; (ii) the debtor made the representation with the intent to deceive the creditor; (iii) the creditor relied on the debtor's representation; (iv) the creditor's reliance was justifiable; and (v) the creditor was damaged as a

20

proximate result.  <u>Young</u>, 91 F.3d at 1373 (citing <u>Grogan</u>, 498 U.S. at 287), as modified by

<u>Field v. Mans</u>, 516 U.S. 59, 70 (1995)).

    In order to except a debt from discharge under Section 523(a)(2)(A) based on actual

fraud, the creditor must prove:  (i) the debtor committed actual fraud; (ii) the debtor obtained

money, property, services, or credit by the actual fraud; and (iii) the debt arose from the actual

fraud.  <u>Hatfield v. Thompson</u> (<u>In re Thompson</u>), 555 B.R. 1, 10 (10th Cir. BAP 2016).  The

common thread between claims based on false representation and fraud is the debtor's intent to

defraud the creditor.  <u>Houston v. Munoz</u> (<u>In re Munoz</u>), 536 B.R. 879, 884 (Bankr. D. Colo.

2015).  "Fraudulent intent for purposes of Section 523(a)(2)(A) can be shown by establishing

that the debtor was a willing participant in a fraudulent scheme and thereby intended to deceive a

creditor."  <u>Bank of Cordell v. Sturgeon</u> (<u>In re Sturgeon</u>), 496 B.R. 215, 223 (10th Cir. BAP 2013)

(citing <u>Holmes v. Nat'l City Bank</u> (<u>In re Holmes</u>), 414 B.R. 115, 131-32 (E.D. Mich. 2009)).[12]

    As noted throughout this Order, the Judgments are brief.  The Order and Judgment, the

very document granting judgment in favor of Plaintiffs on their State Court claims, does not

specifically identify the claims on which judgment is being entered (other than to release and

discharge a mechanic's and materialman's lien).  The Order and Judgment unsurprisingly

---

[12]It is well-established questions involving a defendant's state of mind or intent are
ordinarily not appropriately resolved on summary judgment.  <u>Tso v. Nevarez</u> (<u>In re Nevarez</u>,
415 B.R. 540, 544 (Bankr. D.N.M. 2009) (first citing <u>Gelb v. Bd. of Elections</u>), 224 F.3d 149,
157 (2d Cir. 2000); and then citing <u>Bryant v. Tilley</u> (<u>In re Tilley</u>), 286 B.R. 782, 792 (Bankr. D.
Colo. 2002) (acknowledging in dischargeability litigation "great circumspection is required
where summary judgment is sought on an issue involving state of mind")).  Yet this is precisely
what Plaintiffs ask this Court to do, based on a judgment from the State Court Action which sets
forth only brief legal conclusions and no findings of fact.  Where a journal entry of judgment
fails to contain sufficient material to allow the court to determine the exact claims presented for
adjudication and the issues actually decided, summary judgment based on issue preclusion is not
proper.  <u>Armstrong v. Oslin</u> (<u>In re Oslin</u>), 584 B.R. 363, 370 (Bankr. N.D. Okla. 2018).

21

contains no finding Debtor made false representations to Plaintiffs on which Plaintiffs justifiably relied to their detriment or otherwise committed fraud in connection with Plaintiffs or acted with the requisite fraudulent intent, all of which are required to prove a claim under Section 523(a)(2)(A).

The Order and Judgment of Damages follows the same pattern, identifying only a breach of contract claim and "other wrongful conduct."  The Order and Judgment of Damages further states Debtor recklessly and callously disregarded his duties to Plaintiffs, acted intentionally and maliciously toward Plaintiffs, and should have been aware his conduct was extreme, outrageous, excessive, and outside the bounds of reasonable conduct for a contractor.  However, no facts are set forth supporting such findings and conclusions nor is any Oklahoma law cited from which the nature of Debtor's intent could be ascertained.  Moreover, Plaintiffs made no effort to identify how such conduct was intentionally deceptive towards Plaintiffs, and the State Court did not label such conduct as deceptive or fraudulent either.  Quite simply, "[t]here is no other information to inform this Court what issues were decided, or what factual findings and conclusions of law were made."  Bolton, 2017 WL 535265, at *2.[13]

---

[13]While the Judgments were brief in content as to Debtor's intent, so too is Plaintiffs' motion for summary judgment.  Plaintiffs' motion for summary judgment in the State Court Action addressed intent as follows:

Fraud, Fraudulent Concealment/Constructive Fraud – Debtor made a false representation the Debtor knew was false or was made recklessly without any knowledge of its truth.

Slander of Title – Debtor made a false statement in a publication with malice.

Negligence, Breach of Warranty, Violation of Oklahoma Consumer Protection Act, Vicarious Liability, Respondeate Superior and Alter Ego – no intent stated.

(continued...)

"In cases where the state court judgment does not contain detailed facts sufficient as findings to meet the federal test of nondischargeability under § 523(a)(2)(A), a bankruptcy court may properly refuse to accord collateral estoppel effect to the state court judgment." Cherry v. Neuschafer (In re Neuschafer), No. 11-05103, 2014 WL 2611258, at *8 (10th Cir. BAP June 12, 2014) (citing Harold v. Simpson & Co. v. Shuler (In re Shuler), 722 F.2d 1253 (5th Cir. 1984)). Where, as here, a judgment fails to recite specific issues presented for decision and also fails to identify the bases for the trial court's conclusions, a court facing a request to apply issue preclusion cannot determine what issues in fact or law were actually litigated and resolved by the judgment. Bolton, 2017 WL 535265, at *2. The Court "will not string together sentences . . . so as to cobble together a finding under [523(a)].'" Pappas v. Gucciardo (In re Gucciardo), 577 B.R. 23, 32 (Bankr. E.D. N.Y. 2017) (citing Wisell, 494 B.R. at 32).

As such, the Court cannot conclude the State Court found false representations were made by Debtor on which Plaintiffs justifiably relied to their detriment or Debtor otherwise committed fraud with respect to Plaintiffs, both with Debtor possessing the requisite fraudulent intent under Section 523(a)(2)(A). Thus, issue preclusion cannot apply to Plaintiffs' Section 523(a)(2)(A) claim.

---

[13](...continued)

Punitive Damages – Debtor's misconduct is part of a pattern and practice of which they are aware and has been intentional and ongoing for years and has been reckless and indifferent, and a hazard to the public.

2.      __Section 523(a)(6) Claim.__

Under Section 523(a)(6), debts arising from "willful and malicious injury by the debtor"
may be deemed nondischargeable.  To except a debt from discharge under Section 523(a)(6), a
plaintiff must prove:  (i) an intentional action by the defendant; (ii) done with the intent to harm;
(iii) which causes damage (economic or physical) to the plaintiff; and (iv) the injury is the
proximate result of the action by the defendant.  Hernandez v. Musgrave (In re Musgrave),
No. 09-01006, 2011 WL 312883, at *7 (10th Cir. BAP Feb. 2, 2011).

> "[T]he (a)(6) formulation triggers in the lawyer's mind the category
> 'intentional torts,' as distinguished from negligent or reckless torts.
> Intentional torts generally require that the actor intend 'the
> consequences of an act,' not simply the act itself." A willful injury
> may be established by direct evidence that the debtor acted with the
> specific intent to harm a creditor or the creditor's property, or by
> indirect evidence that the debtor desired to cause the injury or
> believed the injury was substantially certain to occur. This is a
> subjective standard.

First American Title Ins. Co. v. Smith (In re Smith), 618 B.R. 901, 912 (10th Cir. BAP 2020)
(first citing Kawaauhau v. Geiger, 523 U.S. 57, 61-62 (1998) (quoting Restatement (Second)
of Torts § 8A, Comment a, p. 15 (1964)); and then citing In re Langley, 235 B.R. 651, 657
(10th Cir. BAP 1999)).

"For an injury to be 'willful,' there must be a deliberate or intentional injury, not merely
'a deliberate or intentional act that leads to injury.'"  Perry v. Judge (In re Judge), 630 B.R. 338,
344 (10th Cir. BAP 2021) (citing Smith, 618 B.R. at 912 (citing Kawaauhau, 523 U.S. at 61-62));
Gross v. Osborne (In re Osborne), 520 B.R. 861, 872-73 (Bankr. D. N.M. 2014) (citing Penix v.
Parra (In re Parra), 483 B.R. 752, 772 (citing Kawaauhau, 523 U.S. at 61))) ("The 'willful'
element requires both an intentional act and an intended harm; an intentional act that leads to

24

harm is not sufficient.").  This is a subjective standard and generally encompasses intentional

torts; debts arising from reckless or negligent conduct are not within the scope of Section

523(a)(6).  Judge, 630 B.R. at 344 (citing Smith, 618 B.R. at 912).  Proof of malicious intent

requires evidence the debtor had knowledge of another's rights and, notwithstanding such

knowledge, proceeded to take action in violation of those rights.  Judge, 630 B.R. at 344 (citing

Dorr, Bentley & Pecha v. Pasek (In re Pasek), 983 F.2d 1524, 1526 (10th Cir. 1993) (citing

C.I.T. Fin'l Servs., Inc. v. Posta (In re Posta), 866 F.2d 364, 367 (10th Cir. 1989)).  "In

determining if malice is present, 'evidence of the debtor's motives, including any claimed

justification or excuse, must be examined to determine whether the requisite 'malice' in addition

to 'willfulness' is present.'"  Judge, 630 B.R. at 344 (citing Smith, 618 B.R. at 919 (quoting

Dorr, Bentley & Pecha v. Pasek (In re Pasek), 983 F.2d 1524, 1527 (10th Cir. 1993))).

        The problem for this Court is none of the Judgments, and nothing else in the Judgment

Roll as presented, addresses Debtor's state of mind or intent in connection with his "misconduct"

as required under Section 523(a)(6) other than the statement Debtor acted "intentionally and

maliciously."  This is not enough to apply issue preclusion to Plaintiffs' Section 523(a)(6) claim.

See Stein v. McDowell (In re McDowell), 415 B.R. 601, 611 (Bankr. S.D. Fla. 2008) (noting a

state court judgment awarding attorney fees based on bad faith does not satisfy the standard of

Section 523(a)(6) without *specific factual findings* that the debtor acted both willfully and

maliciously).

        Furthermore, the Judgments and the Judgment Roll are silent as to whether Debtor

intended to cause the damages suffered by Plaintiffs.  However, to prove a Section 523(a)(6)

claim, there must be evidence establishing, by a preponderance of the evidence, Debtor intended

25

to cause the injuries suffered by Plaintiffs or, at a minimum, believed the injuries were substantially certain to occur.  Osborne, 520 B.R. at 873.  "To be entitled to preclusive effect, a judgment should have sufficient detail to enable a subsequent court to have a clear understanding of the prior court's ruling without having to speculate about the scope of the prior court's findings of fact and conclusions of law."  Helber v. Cline (In re Cline), 614 B.R. 284, 289 (Bankr. S.D. Ohio 2020) (citing Yust v. Henkel (In re Henkel), 490 B.R. 759, 781-82 (Bankr. S. D. Ohio 2013) (citing Sill v. Sweeney (In re Sweeney), 276 B.R. 186, 194 (6th Cir. BAP 2002))).  This is particularly true in the context of dischargeability determinations under Section 523(a)(6) where only damages arising from a willful *and* malicious injury may be given preclusive effect.  Cline, 614 B.R. at 289.

The Judgments contain no specific factual findings nor legal conclusions upon which the Court could determine which issues were actually adjudicated and necessary to the outcome of the State Court Action for purposes of applying issue preclusion to Plaintiffs' Section 523(a)(6) claim.  Trout Valley Enters., Inc. v. Howell (In re Howell), No. 13-80583-TRC, 2014 WL 1514162, at *2 (Bankr. E.D. Okla. Apr. 16, 2014).[14]  Where there is an absence of a reasoned opinion from the State Court Action, i.e. a judgment or order containing "specific factual findings and a thorough legal analysis," this Court cannot find the issue of a willful and

_____

[14]Another problem with the Judgments is they address multiple claims, many of which would not be subject to an exception to discharge under either Section 523(a)(2)(A) or (a)(6), such as breach of contract, negligence, breach of warranty, violation of the Oklahoma Consumer Protection Act, vicarious liability, respondeate superior, and alter ego.  When a final judgment is entered on multiple claims and there is no way to determine which specific claims judgment is being entered on or how to allocate the damage award, application of issue preclusion is not appropriate.  Cline, 614 B.R. at 289 (first citing Custom Kilns, Inc v. Pierron (In re Pierron), 448 B.R. 228, 236 (Bankr. S.D. Ohio 2011); and then citing Schmidt v. Panos (In re Panos), 573 B.R. 723, 738 (Bankr. S.D. Ohio 2017)).

malicious injury has been actually and necessarily litigated.  Roberts, 505 B.R. at 567 (citing Patino's Inc. v. Poston (In re Poston), 735 F.2d 866, 869 (5ᵗʰ Cir. 1984) (the Fifth Circuit upheld a bankruptcy court's refusal to give issue preclusion effect to a judgment that did not contain detailed facts sufficient as findings to meet the standards of Section 523(a) nondischargeability where the judgment contained only a conclusory statement that the plaintiff was entitled to judgment on a false pretense claim)).  Issue preclusion, therefore, cannot apply to Plaintiffs' Section 523(a)(6) claim.

Plaintiffs have not satisfied the second or third prerequisites to issue preclusion; consequently, Plaintiffs are not entitled to summary judgment based on issue preclusion on their Section 523(a)(2)(A) or (a)(6) claims.

## CONCLUSION

Summary judgment must be denied for several reasons.  First, Plaintiffs' undisputed material facts do not establish they are entitled to relief under Section 523(a)(2)(A) and (a)(6) as a matter of law.  Second, Plaintiffs failed to provide the complete Judgment Roll as required for application of issue preclusion under Oklahoma law.  Third, and finally, the Judgments and related Judgment Roll fail to contain specific findings of fact and conclusions of law to permit the Court to determine which issues under Section 523(a)(2)(A) and (a)(6) were actually and necessarily litigated in the State Court Action, thereby preventing application of issue preclusion.  Accordingly, the Motion is DENIED.  Trial will proceed on June 5, 2023, at 9:30 a.m. in the Sixth Floor Courtroom

IT IS SO ORDERED.

# # #

27